UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACK M. HAEFLING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-873-RLY-VSS |
| | ) | |
| UNITED PARCEL SERVICE OF | ) | |
| AMERICA, INC. and UPS HEALTH & | ) | |
| WELFARE PLAN, | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendants the United Parcel Service ("UPS") and the UPS Health & Welfare Plan (the "Plan") ("collectively "Defendants") move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the court **DENIES** Defendants' motion.

**I.     Background**

In February 1976, Sheila Haefling began working full-time for UPS. (Complaint, ¶ 12). As a non-probationary employee of UPS, Mrs. Haefling was a participant in the UPS Plan. (*Id.,* ¶ 13). Among the benefits provided to each UPS employee and participant in the Plan is company-paid life insurance coverage for the employee/participant. (*Id.,* ¶ 15). The Plaintiff, Jack Haefling was, and is, the designated beneficiary of Mrs. Haefling's life insurance policy under the UPS Plan. (*Id.* ¶ 14).

1

On or about July 30, 1999, Mrs. Haefling was placed on medical leave status. (Complaint, ¶ 18). Mrs. Haefling remained on medical leave status until January 30, 2002, at which time her active employment with UPS ceased and she was placed by UPS on long-term disability because of her medical condition. (*Id.*, ¶ 19). At that time, Mrs. Haefling was less than 60 years old. (*Id.*, ¶ 20).

Mrs. Haefling passed away on November 16, 2002. (Complaint, ¶ 21). On or about February 20, 2004, as Mrs. Haefling's named beneficiary under the UPS Plan, Mr. Haefling made a claim for group life insurance proceeds. (*Id.*, ¶ 22). Sometime thereafter, by a letter erroneously dated January 9, 2002, the UPS Plan denied Mr. Haefling's claim for the group life insurance proceeds. (*Id.*, ¶ 23).

On June 9, 2005, Mr. Haefling filed this lawsuit under the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging the Plan denied him benefits due under the Plan, intentionally interfered with his attainment of his right to the life insurance proceeds under the Plan, and breached its fiduciary duty to him.

## II.     Dismissal Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed.R.Civ.P.12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th

Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff.  *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).

### III.  Discussion

#### A.  Count I, Denial of Benefits

In Count I, Mr. Haefling alleges he was denied benefits due him under the Plan, in contravention of 29 U.S.C. § 1132(a)(1)(B).  The provisions of the Summary Plan Description ("SPD") at issue are the following:

*Life Insurance*

If you should become permanently and totally disabled while insured and are less than 60 years old, your life insurance coverage (excluding AD&D coverage) will be continued at no cost to you for as long as you are disabled.  A permanent and total disability is generally one which prevents you from working for pay.

Any total disability should be reported immediately to your Human Resources department so this insurance continuation can be made available to you.  You'll have to furnish proof of your permanent and total disability to the insurance company as required.

(Summary Plan Description, Defendants' Ex. A, at 28).

*Waiver of Premium*

You may be eligible for a waiver of premium if you're permanently and totally disabled and under age 60.  This means that your life insurance benefit will continue at no cost to you even though you're no longer able to work.  Aetna Life Insurance Company determines eligibility for premium

3

waiver and will notify you in writing of the status of your application.

(Summary Plan Description, Defendants' Ex. A, at 24).

Defendants contend that Mr. Haefling's claim for denial of benefits fails to state a claim upon which relief can granted because he failed to plead that (1) Mrs. Haefling applied for and received a waiver of premium, and that (2) Mrs. Haefling reported her total disability and provided proof of the same to the insurance company.

Defendants misapprehend the meaning and intent of Rule 8 of the Federal Rules of Civil Procedure.  In order to comply with that Rule, the plaintiff is required to provide the opposing party with "fair notice of what the [ ] claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, rather than requiring the plaintiff to plead all of the facts underlying the alleged claim, the Rules simply require "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Based upon a reading of Mr. Haefling's Complaint, the court finds he has complied with the Rule by alleging all of the necessary elements of his claim: (1) that his wife, Mrs. Haefling, was a participant in the Plan; (2) that he was her designated beneficiary; (3) and that he was denied the proceeds from that insurance policy after having made a claim for the proceeds of the insurance policy. Defendants' motion to dismiss Count I is therefore **DENIED**.

  **B.**  **Counts II and III**

In Count II, Mr. Haefling alleges Defendants interfered with his attainment of the

life insurance proceeds under 29 U.S.C. § 1132(a)(3).  In Count III, Mr. Haefling alleges Defendants breached their fiduciary duty under 29 U.S.C. § 1104(a)(1).  Defendants move the court to dismiss Counts II and III on grounds that Mr. Haefling seeks the type of relief not provided for under the applicable statutes – namely monetary relief.  A quick reading of his Complaint reflects that he seeks all "legal and/or equitable relief deemed appropriate by the Court."  Because his Complaint does in fact seek equitable relief, albeit not specifically, the court **DENIES** Defendants' motion with respect to Counts II and III.

### C.     Proper Defendants

Defendants contend they are not proper parties to this suit because neither UPS nor the Plan can provide full relief.  *See, e.g., Berg v. BCS Financial Corp.*, 372 F.Supp.2d 1080, 1090 (N.D. Ill. 2005) ("[W]hen the plan cannot provide full relief, suits against other entities also may be proper.").  In support of their argument, Defendants cite to the following language taken from a document entitled "Summary of Material Modifications" dated October 2003:

> UPS-provided basic life and AD&D coverage is provided through an insurance contract issued by Prudential.  This means Prudential is the applicable claims fiduciary with respect to life and AD&D claims for benefits and UPS has no discretionary authority with respect to these claims.

(Summary of Material Modifications, Defendants' Ex. C, at 6).  This document, however, came into being after Mrs. Haefling's death.  It would seem, therefore, that this document does not control the outcome of this case.

The SPD provided to Mrs. Haefling prior to her death provided that:

5

> UPS shall have the exclusive right and discretion to interpret the terms and conditions of the Plan, and to decide all matters arising in its administration and operation, including questions pertaining to eligibility for, and the amount of, benefits to be paid by the Plan.

(SPD, Defendants' Ex. A, at 31). In addition,
> [a]ll benefits described in this booklet – both for you and your family – are paid for entirely by UPS and are provided to you as part of the compensation you receive for your work with the company. Life insurance . . . benefits are provided by means of an insurance contract with Aetna Life Insurance Company [now Prudential Insurance Company], for which UPS pays the premiums.

(*Id.*).

Although "ERISA permits suits to recover benefits only against the Plan as an entity," suits against the employer may go forward if "the employer [i]s the plan administrator and the employer and the plan [a]re otherwise closely intertwined." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n. 4 (7th Cir. 2002). As this case presents such a circumstance, the court finds both UPS and the Plan are the proper Defendants to this action.

### D.     Exhaustion of Administrative Remedies

Defendants further contend that Mr. Haefling failed to exhaust his administrative remedies prior to filing suit. The SPD in this case provides that if the claimant is denied the benefits he or she seeks, the claimant may file suit in federal court. The SPD does not set forth any administrative steps which are necessary to complete prior to filing suit.

Mr. Haefling alleges that he made a claim for group life insurance proceeds payable under the Plan on February 20, 2004. Sometime thereafter, the Plan denied his

6

claim. The claim having been denied, Mr. Haefling was free to file the instant suit. No further administrative remedies were necessary.

## IV.   Conclusion

For the reasons explained above, the court **DENIES** Defendants' Motion to Dismiss Plaintiff's Complaint for Damages.


**SO ORDERED** this  29th  day of November 2005.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Kevin W. Betz
BETZ & ASSOCIATES
kbetz@kbetzlaw.com


Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

Mark Thomas Robbins
HASKIN LAUTER LARUE & GIBBONS
mrobbins@hlllaw.com